IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| GREGORY BARTUNEK, | |
|---|---|
| Petitioner, | 8:18CV335 |
| vs. | |
| UNITED STATES OF AMERICA, | MEMORANDUM AND ORDER |
| Respondent. | |

Petitioner Gregory Bartunek ("Bartunek") has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ([filing no. 1](#)) and a motion to proceed in forma pauperis ([filing no. 2](#)). The court's records reflect that Bartunek recently paid the $5.00 filing fee, so I will deny his motion to proceed in forma pauperis as moot. Conducting an initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, I conclude that the petition should be dismissed without prejudice for the reasons discussed below.

### I. BACKGROUND

This is the second time I have considered a request for habeas relief by Bartunek, though the first time involved a habeas petition filed under 28 U.S.C. § 2241, as opposed to 28 U.S.C. § 2254. *See Bartunek v. Foxall, et al.*, Case No. 8:17CV303 (D. Neb.). As was true when Bartunek filed his previous habeas action, Bartunek is a federal pre-trial detainee awaiting trial in a pending criminal case: *USA v. Bartunek*, Case No. 8:17CR28 (D. Neb.). On January 19, 2017, he was indicted on one count of distribution of child pornography and one count of possession of child pornography. ([Filing No. 1](#), Case No. 8:17CR28.) On February 23, 2017, Magistrate Judge Susan M. Bazis ordered that Bartunek be released on bond. (Text Minute Entry No. 17, Case No. 8:17CR28.) The Government appealed the bail determination to Judge Robert F. Rossiter, Jr., the presiding district court

judge. ([Filing No. 24](), Case No. 8:17CR28.) On February 28, 2017, Judge Rossiter ordered that Bartunek be detained pending trial. ([Filing No. 28](), Case No. 8:17CR28.) On March 30, 2017, Bartunek filed a Motion to Re-Open the detention hearing. ([Filing No. 38](), Case No. 8:17CR28.) On April 11, 2017, Judge Rossiter denied Bartunek's motion. (Text Minute Entry No. 45, Case No. 8:17CR28.) On April 24, 2017, Bartunek appealed the bail determination to the Eighth Circuit Court of Appeals. ([Filing No. 55](), Case No. 8:17CR28.) On May 24, 2017, the Eighth Circuit issued a judgment denying Bartunek's motion for release pending trial. ([Filing No. 123](), Case No. 8:17CR28.) The mandate issued on June 14, 2017. ([Filing No. 157](), Case No. 8:17CR28.)

On August 16, 2017, Bartunek filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in Case No. 8:17CV303 alleging claims relating to his present criminal prosecution and pre-trial detention. (*See* [Filing No. 1](), Case No. 8:17CV303.) On September 21, 2017, I dismissed the petition without prejudice upon initial review, concluding, *inter alia*, that Bartunek could not use a habeas petition to challenge the pre-trial detention order when the Bail Reform Act, 18 U.S.C. § 3145(b), (c), provided an appropriate remedy through an expedited appeal procedure and the Eighth Circuit's denial of Bartunek's motion for pre-trial release prevented relitigation of the issue pursuant to the law of the case doctrine. ([Filing No. 3](), Case No. 8:17CV303.)

Thereafter, on October 18, 2017, Bartunek filed a "Motion for Review [and] Revocation of Detention Order and Re-Open Detention Hearing" in his criminal case, which Judge Rossiter denied on November 8, 2017. (Filing Nos. [212](), [223](), Case No. 8:17CR28.) Bartunek then filed a motion to reconsider with respect to re-opening the detention hearing which was denied on November 14, 2017. ([Filing No. 228](), Text Order No. 229, Case No. 8:17CR28.) Bartunek appealed on November 22, 2017. ([Filing No. 245](), Case No. 8:17CR28.) On December 20, 2017, the Eighth Circuit Court of Appeals summarily affirmed the denial of Bartunek's Motion to Re-Open the detention hearing. ([Filing No. 272](), Case No. 8:17CR28.) Bartunek's petition for rehearing was denied by the Eighth Circuit on

February 15, 2018, and the mandate issued on February 22, 2018. (Filing Nos. 280, 282, Case No. 8:17CR28.)

Bartunek alleges that, as a result of his "illegal" detention, he was not able to properly prepare for his trial scheduled for March 12, 2018, and so asked for counsel to be appointed to represent him. (Filing No. 1 at CM/ECF pp. 13–14.) Judge Rossiter first appointed Michael Maloney of the Federal Public Defender's Office to represent Bartunek, but after Mr. Maloney sought and obtained a continuance of trial to August 27, 2018, over Bartunek's objections, Bartunek asked for and was granted a CJA Panel attorney, Andrew Wilson, to represent him. (*Id.* at CM/ECF pp. 14–16; Filing No. 1-1 at CM/ECF pp. 3–30; *see also* Filing No. 309, Case No. 8:17CR28.) Bartunek now complains that Mr. Wilson refuses to take any action to secure Bartunek's release pending trial and represents that he will not be prepared for trial in August "without good cause" and additional delays will only further violate Bartunek's constitutional rights. (Filing No. 1 at CM/ECF pp. 16–17.) The court's records show that Mr. Wilson moved for and obtained a continuance of trial to October 29, 2018. (Filing No. 322, Case No. 8:17CR28.)

Condensed and summarized, Bartunek claims that his pre-trial detention violates his constitutional rights to due process, equal protection, reasonable bail, speedy trial, and effective assistance of counsel. (*See* Filing No. 1 at CM/ECF pp. 18–29.) Bartunek seeks immediate release from pre-trial custody under minimum conditions of 18 U.S.C. § 3142. (*Id.* at CM/ECF p. 30.)

## II. DISCUSSION

Bartunek has filed his habeas petition pursuant to 28 U.S.C. § 2254 which affords relief to a petitioner "in custody pursuant to the judgment of a State court." Bartunek's petition for habeas relief does not challenge a state criminal judgment; that is, Bartunek does not claim he is currently incarcerated on an unlawful state conviction or sentence, or that his current custodial confinement was imposed or enhanced due to a prior unlawful state conviction. As such, his pending request for

relief is not cognizable under 28 U.S.C. § 2254. *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

Of course, 28 U.S.C. § 2241(c) permits this court to entertain an application for a writ of habeas corpus by a person held in custody on pending criminal charges, but not yet convicted or sentenced. *McNeil v. Newton*, 2007 WL 257668, *1 (D. Neb. 2007) (Kopf, J., presiding). *See also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973) (holding Alabama state inmate subject to a Kentucky detainer could pursue habeas relief against Kentucky under 28 U.S.C. § 2241 for denial of his right to a speedy trial on the pending Kentucky charges); *Woodfin v. Joyce,* 2007 WL 1192184, *1 (E.D. Mo. 2007) ("Because petitioner is not in custody pursuant to a state court judgment, the only vehicle for challenging his present confinement is 28 U.S.C. § 2241."). However, to the extent Bartunek's petition can be construed as a petition for habeas relief under 28 U.S.C. § 2241, I will dismiss the petition without prejudice for the same reasons I dismissed the § 2241 habeas petition in Case No. 8:17CV303. (*See* Filing No. 3, Case No. 8:17CV303.)

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Leave to Proceed In Forma Pauperis (filing no. 2) is denied as moot.

2. The Petition for Writ of Habeas Corpus ([filing no. 1](filing no. 1)) is dismissed without prejudice. No certificate of appealability will be issued.

3. A separate judgment will be entered.

4. The clerk's office is directed to send a copy of this Memorandum and Order to Judge Rossiter and to Magistrate Judge Bazis.

Dated this 15th day of August, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge